STATE of Missouri, Respondent,

v.

William K. MURRAY, Appellant.

No. 53238.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 22, 1989.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
Sept. 20, 1989.

Application to Transfer Denied
Nov. 14, 1989.

---

Zwibelman, Edelman & Walter, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

---

## ORDER

PER CURIAM.

This is a combined direct appeal and Rule 29.15 appeal after convictions on two counts of first degree murder, § 565.020.1 RSMo 1986. The trial court ordered consecutive life sentences without eligibility for probation or parole.

The facts in this case are nearly identical with facts reported in *State v. Murray,* 744 S.W.2d 762 (Mo.App.1988) and *Robert Anthony Murray v. State,* 775 S.W.2d 89 (Mo. banc 1989). The cases involved defendant's brother who was charged with the same murders. The brother was sentenced to death.

Two points on appeal involve a *Batson* issue. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Two issues involve admission of evidence over objection, a photograph of a victim and a piece of linoleum which exhibited knife marks. The last appeal issue claims error in denying a mistrial because the prosecutor alluded to punishment in closing argument in the guilty portion of the trial.

 We find no error of fact or law in denying trial counsel's motion for discharging the jury under *Batson.* Nor was counsel ineffective for not pursuing the motion beyond the prosecutor's explanations for peremptory challenges.

■ The two evidentiary rulings were within the discretion of the trial judge. Both items were relevant and material to the issues. Both tended to prove matters extensively developed in direct and cross-examination of eyewitnesses.

■ The court did not commit reversible error in denying a mistrial when the prosecutor argued in the guilt phase of the trial, "[w]e are talking about a situation of a crime that should be examined in light of the full range of punishment." The court sustained defendant's objection, granted a request for an instruction to "disregard any reference to punishment at this time," and, so told the jury.

No jurisprudential purpose would be served by an extended opinion. We have examined the entire record and find no error of fact or law. The judgment of the trial court is affirmed pursuant to Rule 30.25(b).